# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-0731V
### Filed: October 6, 2015
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| PANSY DOWNS, | * |
| | * |
| Petitioner, | * Damages Decision Based on Proffer; |
| | * Influenza ("Flu") Vaccine; Shoulder |
| | * Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * ("SPU"). |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

Ronald Craig Homer, Conway, Homer & Chin-Caplan, Boston, MA, for petitioner.
Michael Patrick Milmoe, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 13, 2014, Pansy Downs ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] ["Vaccine Act"]. Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") which was caused by the influenza ("flu") vaccine she received on October 10, 2011. Petition at 1, 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 1, 2014, a ruling was issued on entitlement, finding petitioner entitled to compensation. On October 5, 2015, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded $125,000.00. Proffer at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of <u>$125,000.00</u>, in the form of a check payable to petitioner, Pansy Downs.** This amount accounts for all elements of compensation under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

_____
                                 )

PANSY DOWNS,                    )

                   )

        Petitioner,        )     No. 14-731V

                   )     Ch. Special Master Dorsey

      v.             )     ECF

                   )

SECRETARY OF HEALTH AND     )

HUMAN SERVICES,         )

                   )

        Respondent.    )

_____ )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**     **Compensation for Vaccine Injury-Related Items**

On December 1, 2014, then Chief Special Master Denise Vowell issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury. Respondent proffers that, based on the evidence of record, petitioner should be awarded $125,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

**II.**     **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the special master's decision and the Court's judgment award the following:[1]

    A. A lump sum payment of $125,000.00 in the form of a check payable to petitioner, Pansy Downs. This amount accounts for all elements of compensation under 42 U.S.C.

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

§ 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

*/s/ Michael P. Milmoe*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-4125
Dated: October 5, 2015                     Fax:     (202) 616-4310